# UNITED STATES DISTRICT COURT

District of North Dakota

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| JAMES DEAN ODENEAL | ) | Case Number: 4:12-cr-177-05 |
| | ) | USM Number: 11804-059 |
| | ) | Thomas M. Tuntland |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   **One (1) of the Indictment**

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1201(a)(1), 2 | Kidnapping; Aiding and Abetting | August 2012 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   **Two and Three**   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 19, 2013
Date of Imposition of Judgment

*/s/ Daniel L. Hovland*
Signature of Judge

**Daniel L. Hovland     U.S. District Judge**
Name and Title of Judge

July 22, 2013
Date

Judgment — Page __2__ of __7__

DEFENDANT:  JAMES DEAN ODENEAL
CASE NUMBER:  4:12-cr-177-05

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**144 MONTHS with credit for time served to date.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends that the Defendant be placed in a federal prison facility in California.  In addition, the Court recommends that the Defendant be afforded the opportunity to participate in the Bureau of Prisons' 500-Hour Residential Drug Abuse Program (RDAP).**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **JAMES DEAN ODENEAL**
CASE NUMBER: **4:12-cr-177-05**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**5 YEARS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Local AO 245B (Rev. 4/13) (AO Rev. 9/11)  Case 4:12-cr-00177-DLH   Document 175   Filed 07/22/13   Page 4 of 7
Sheet 3C — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: JAMES DEAN ODENEAL
CASE NUMBER: 4:12-cr-177-05

# SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall participate in a chemical dependency treatment program as approved by the supervising probation officer.

2. The Defendant shall participate in a program aimed at addressing specific interpersonal or social areas, for example, domestic violence, anger management, financial counseling, or cognitive skills.

3. The Defendant shall participate in mental health treatment/counseling as directed by the supervising probation officer.

4. The Defendant shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance, as defined in 21 U.S.C. Section 802 or state statute, unless prescribed by a licensed medical practitioner. The Defendant shall totally abstain from any use of inhalants.

5. The Defendant shall not frequent establishments where alcohol is the primary item of sale.

6. The Defendant shall submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

7. The Defendant shall be prohibited from opening any new lines of credit without the prior approval of the supervising probation officer.

8. The Defendant shall disclose their financial situation at the request of the supervising probation officer.

9. As directed by the Court, if during the period of supervised released the supervising probation officer determines the Defendant is in need of placement in a Residential Re-Entry Center (RRC), the Defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F.3d 1073 (8th Cir. 2000).

10. The Defendant shall not contact the victim by any means, including in person, by mail or electronic means, or via third parties without written permission of the Court. If any contact occurs, the Defendant shall immediately leave the area of contact, and immediately report the contact to the probation officer.

11. The Defendant shall submit their person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

12. The Defendant shall participate in a program or course of study aimed at improving educational level or employment skills, for example, obtain a GED, participate in or complete a vocational training program, or participate in a literacy program.

Local AO 245B (Rev. 4/13) (AO Rev. 9/11) Case 4:12-cr-00177-DLH   Document 175   Filed 07/22/13   Page 5 of 7
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 7

DEFENDANT: JAMES DEAN ODENEAL
CASE NUMBER: 4:12-cr-177-05

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 22,089.06 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ND Crime Victims Compensation<br>PO Box 1898<br>Bismarck, ND 58502 |  | $240.67 |  |
| Roosevelt Medical Center<br>PO Box 419<br>Culbertson, MT 59218 |  | $4,331.00 |  |
| Mercy Hospital<br>1301 15th Ave. W.<br>Williston, ND 58801 |  | $7,010.31 |  |
| TOTALS | $ 0.00 | $ 22,089.06 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the    ☐ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **JAMES DEAN ODENEAL**  
CASE NUMBER: **4:12-cr-177-05**

Judgment—Page __6__ of __7__

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Trinity Hospital | | $10,507.08 | |
| PO Box 5020 | | | |
| Minot, ND 58701 | | | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JAMES DEAN ODENEAL
CASE NUMBER: 4:12-cr-177-05

Judgment — Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Jeffrey Jim Butler (4:12-cr-177-01) - $22,089.06
    Nicholas James Gordon Woodford (4:12-cr-177-02) - $22,089.06
    Zachary Russell Mills (4:12-cr-177-03) - $22,089.06
    Tyler Michael White (4:12-cr-177-04) - $22,089.06

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.