**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| James Dean Odeneal, | ) | Case No. 4:12-cr-177 |
| | ) | |
| Defendant. | ) | |

------------------------------------------------------------------------------------------------------

Before the Court is Defendant James Dean Odeneal's motion to reduce sentence under 18

U.S.C. § 3582(c)(1)(A), filed on July 11, 2022.  See Doc. No. 299.  The Government filed a response

in opposition to the motion on July 21, 2022.  See Doc. No. 304.  For the reasons set forth below, the

motion is denied.

I.      **BACKGROUND**

Odeneal was charged in a three-count Indictment with kidnapping in violation of 18 U.S.C.

§ 120(a)(1) and (2) (Count One); conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c)

(Count Two); and conspiracy to distribute and possess with intent to distribute methamphetamine in

violation of 21 U.S.C. § 846 (Count Three).  See Doc. No. 75.  Odeneal pled guilty to the charge of

kidnapping in violation of 18 U.S.C. § 120(a)(1) and (2) (Count One).  See Doc. No. 130.  He was

sentenced to 144 months of imprisonment on July 22, 2013.  See Doc. No. 175.  No appeal was taken.

On July 11, 2022, Odeneal filed the instant motion to reduce sentence citing his mental health

problems as extraordinary and compelling reasons justifying release.  See Doc. No. 299.  The

Government contends a reduction of Odeneal's sentence is not warranted because he has not

demonstrated an extraordinary or compelling reason and the Section 3553(a) factors weigh against

release.  Odeneal is incarcerated at USP Allenwood in Allenwood, Pennsylvania.  Odeneal now age

32, has a projected release date of June 7, 2029.  The projected release date reflects both the 144

month sentence imposed by this Court and a consecutive 80 month sentence imposed by the District

of West Virginia on a charge of voluntary manslaughter related to Odeneal killing his cellmate while

in federal custody.  See Doc. No. 304-2.


II.      **LEGAL DISCUSSION**

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two

circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

the warden of the defendant's facility, whichever is earlier."  It is undisputed the Defendant has

exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering

the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a

sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's

applicable policy statement.  See 18 U.S.C. § 3582(c)(1)(A).  There is no right to counsel in Section

3582(c) proceedings.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  Nor is there a

right to a hearing.  See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under

Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under

Section 3582(c)(2) regarding the imposition of a sentencing modification).  It should also be noted

that the CARES Act does not provide the Court with any expanded authority to grant a motion to

reduce sentence under 18 U.S.C. § 3582(c).  See CARES Act, Pub. L. No. 116-136, 134 Stat 281

(2020).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the President signed the First Step Act into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
>>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission's policy statement can be found at Section 1B1.13 of the 2021 Sentencing Guidelines Manual. The policy statement requires a finding that a claimant meets three requirements: 1) extraordinary and compelling reasons warrant the reduction; 2) the defendant is not a danger to the community; and 3) the reduction follows the Sentencing Commission's policy statement. USSG § 1B1.13. However, the policy statement pertains to the old law rather than the new law and thus is of

questionable applicability.  See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6

(M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does

not control the district court's independent assessment of whether "extraordinary and compelling

reasons" warrant a sentence reduction.).  This Court agrees that the Sentencing Commission's existing

policy statement provides only limited guidance.  See United States v. Fox, No. 2:14-CR-03, 2019

WL 3046086, at *3 (D. Me. July 11, 2019).

The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant**.--

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is–

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or

4

75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances**.--

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**.--Any reduction made pursuant to a motion

by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See USSG § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

Odeneal contends he has mental health problems which amount to extraordinary and compelling circumstances. The medical records Odeneal submitted in support of his motion confirm his mental health struggles and a current diagnosis of adult antisocial behavior and schizoaffective disorder-depressive type. See Doc. No. 300. However, the Court was aware of his prior suicide attempts at the time of sentencing. See Doc. No. 162, ¶ 93. The medical records establish Odeneal is receiving mental health counseling and treatment, including appropriate medication. Odeneal has not provided any evidence that he is not able to provide self-care while incarcerated. The Court does not doubt that incarceration can exacerbate mental health issues but this is an unfortunate incident of incarceration that does not rise to the level of "extraordinary and compelling reasons" as contemplated by Section 3582(c)(1)(A)(i). In addition, Odeneal's conviction for killing his cellmate and his kidnapping conviction lead the Court to conclude that he may be a danger to the public if released. The Court concludes the Section 3553(a) factors weigh against any sentence reduction.

The Court has carefully reviewed the entire record and concludes Odeneal has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See

United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish

a sentence reduction is warranted under 18 U.S.C. § 3582).


**III.    CONCLUSION**

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 299) is

**DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of September, 2022.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
